[No. 14646. In Bank. — February 22, 1887.]

## JULIUS BUHLERT, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

INSOLVENCY — JUDGMENT AGAINST ASSIGNEE — APPEAL — STAY OF EXECUTION BY OFFICIAL BOND. — Where an assignee in insolvency appeals from a judgment rendered against him in an action for the settlement of the affairs of a partnership of which the insolvent was a member, his official bond does not operate to stay proceedings under the judgment.

ID. — PAYMENT OF MONEY INTO COURT — REFUSAL OF ASSIGNEE — CONTEMPT. — In such an action, the judgment may direct the assignee to pay into court the money in his hands adjudged to belong to the other partner, and upon his refusal so to do may punish him for contempt.

APPLICATION for a writ of *certiorari*.  The facts are stated in the opinion of the court.

*A. D. Splivalo*, for Petitioner.

*J. W. Harding*, for Respondent.

THORNTON, J. — Application for a writ of review as to order committing petitioner, Buhlert, for contempt of court.

In an action of *Sere* v. *McGovern*, pending in the court above named, Buhlert was properly made a party as assignee in insolvency of McGovern.  The action was for the settlement of the accounts of a partnership between Sere and McGovern.  The property of the firm, it seems, had passed into the hands of Buhlert as assignee as aforesaid, who took possession of it under an order in the insolvency case, and had, by agreement of all parties, including Sere, been sold by the assignee, from which was realized the sum of $1,588.  By the final judgment in the action of *Sere* v. *Buhlert*, it was adjudged that plaintiff recover of Buhlert, assignee as aforesaid, the sum of $794, and Buhlert was by the judgment required to pay into court, within ten days after its rendition, the said sum of money for the use of plaintiff.

This order to pay into court the sum mentioned was disobeyed by Buhlert; thereupon proceedings were taken against him for contempt of court, and he was adjudged guilty of contempt, and punishment was pronounced against him therefor.

The application here is to review and annul this order.

The above facts appear by the return to this court. But it is urged that Buhlert has appealed from the judgment above entered in the case of *Sere* v. *Buhlert*, and has filed an undertaking on appeal in the sum of three hundred dollars, and that by a portion of section 67 of the Insolvent Act, the bond of Buhlert as assignee stays all proceedings on the judgment, and no undertaking to stay execution is required, and in consequence of the foregoing, the court had no jurisdiction to enforce its judgment by a proceeding for contempt.

The contention is without anything to support it. Section 67 of the Insolvent Act has no application to the appeal taken by Buhlert. It applies only to the appeals specified in the section cited, of which the appeal of Buhlert is not one.

The court had jurisdiction as to the contempt proceeding, and the application to annul the order of the court committing the applicant for contempt must be denied.

On the argument it was urged that Buhlert's accounts as assignee were still unsettled, and that on such settlement the sum of $1,588 in his hands would be materially reduced. But it should be remembered that Buhlert was the assignee of McGovern; that the money for which Sere obtained the judgment above mentioned was no part of the assets or estate of McGovern, and should not be used to pay the creditors of McGovern or the costs and expenses attending McGovern's proceedings in insolvency. The money belonged to Sere, and should go to him. This was so adjudged, and we cannot look behind the judgment entered in favor of Sere. If there is

any error in the procurement of this judgment, it can be, and will be, considered on appeal from it, should such error appear on the record brought here on such appeal.

The application is denied and the proceedings dismissed.

Ordered accordingly.

McFARLAND, J., TEMPLE, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

PATERSON, J., concurring. — The authority of the court to command a judgment debtor to pay into court money sufficient to satisfy the judgment under such circumstances, and to summarily enforce such command by proceedings for contempt, is by no means clear, even where the debtor is an officer of the court in another proceeding therein pending. The petitioner makes no complaint on this ground, however, and considering it waived, I concur.